B27 (Official Form 27) (12/09)

# UNITED STATES BANKRUPTCY COURT
District of Arizona

In re Paul Watkins,
Debtor

Case No. 12-25652
Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: CAPITAL ONE, N.A. - YAMAHA

2. Amount of the debt subject to this reaffirmation agreement:
   $ 5,481.65  on the date of bankruptcy     $ 5,481.65  to be paid under reaffirmation agreement

3. Annual percentage rate of interest: _____ % prior to bankruptcy
   __0__ % under reaffirmation agreement ( ✓ Fixed Rate ____ Adjustable Rate)

4. Repayment terms (if fixed rate): $ 140.00 per month for 40 months

5. Collateral, if any, securing the debt: Current market value: $ 5481.65
   Description: 2007 YAMAHA RHINO 4WD SE 600 CC

6. Does the creditor assert that the debt is nondischargeable? ___ Yes ✓ No
   (If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

Debtor's Schedule I and J Entries | Debtor's Income and Expenses as Stated on Reaffirmation Agreement

7A. Total monthly income from $2787.44   7B. Monthly income from all $2787.44
    Schedule I, line 16                      sources after payroll deductions

8A. Total monthly expenses $2787.44       8B. Monthly expenses $2642.44
    from Schedule J, line 18

9A. Total monthly payments on $ 0.00      9B. Total monthly payments on $140.00
    reaffirmed debts not listed on            reaffirmed debts not included in
    Schedule J                                monthly expenses

                                          10B. Net monthly income $ 5.00
                                               (Subtract sum of lines 8B and 9B from
                                               line 7B. If total is less than zero, put the
                                               number in brackets.)

11. Explain with specificity any difference between the income amounts (7A and 7B):
_____None_____

12. Explain with specificity any difference between the expense amounts (8A and 8B):
_____Recreation Expense & food expense_____

If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

_____/s/ Paul Watts_____    _____
Signature of Debtor (only required if         Signature of Joint Debtor (if applicable, and only
line 11 or 12 is completed)                   required if line 11 or 12 is completed)

Other Information

☐  Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____

_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
    _X_ Yes          ___ No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
    _X_ Yes          ___ No


**FILER'S CERTIFICATION**

I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

_____/s/_____
Signature
_____Jennifer Pursley_____
Print/Type Name & Signer's Relation to Case

B240A (Form B240A) (04/10)

> Check one.
> ☐ Presumption of Undue Hardship
> ☒ No Presumption of Undue Hardship
> *See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
District of Arizona

In re ___Paul Watkins___,  Case No. 12-25652
*Debtor*
Chapter 7

## REAFFIRMATION DOCUMENTS

Name of Creditor: CAPITAL ONE, N.A. - YAMAHA

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed:  Secured revolving account
   *For example, auto loan*

B. *AMOUNT REAFFIRMED*:    $ 5481.65

   The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before 12/19/12, which is the date of the Disclosure Statement portion of this form (Part V).

   *See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The *ANNUAL PERCENTAGE RATE* applicable to the Amount Reaffirmed is ___0___%.

   *See definition of "Annual Percentage Rate" in Part V, Section C below.*

   This is a *(check one)*  ☒ Fixed rate      ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

☑   $ 140.00 per month for 40 months starting on 5\20\13.

☐   Describe repayment terms, including whether future payment amount(s) may be different from the initial payment amount.

_____
_____
_____

E. Describe the collateral, if any, securing the debt:

Description:     2007 YAMAHA RHINO 4WD SE 600 CC
Current Market Value   $ 5481.65

F. Did the debt that is being reaffirmed arise from the purchase of the collateral described above?

☑ Yes. What was the purchase price for the collateral?   $ 5,481.65

☐ No. What was the amount of the original loan?   $ _____

G. Specify the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due (including fees and costs) | $ 5,481.65 | $ 5481.65 |
| Annual Percentage Rate | ____ % | 0 % |
| Monthly Payment | $ ____ | $ 140.00 |

H. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit:

_____
_____

## PART II.   DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

A. Were you represented by an attorney during the course of negotiating this agreement?

   Check one.  ☑ Yes   ☐ No

B. Is the creditor a credit union?

   Check one.  ☐ Yes   ☑ No

C. If your answer to EITHER question A. or B. above is "No," complete 1. and 2. below.

1. Your present monthly income and expenses are:

   a. Monthly income from all sources after payroll deductions
   (take-home pay plus any other income)    $ 2787.44

   b. Monthly expenses (including all reaffirmed debts except
   this one)    $ 2642.44

   c. Amount available to pay this reaffirmed debt (subtract b. from a.)    $ 145.00

   d. Amount of monthly payment required for this reaffirmed debt    $ 140.00

   *If the monthly payment on this reaffirmed debt (line d.) **is greater than** the amount you have available to pay this reaffirmed debt (line c.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

2. You believe that this reaffirmation agreement will not impose an undue hardship on you or your dependents because:

   Check one of the two statements below, if applicable:

   ☒ You can afford to make the payments on the reaffirmed debt because your monthly income is greater than your monthly expenses even after you include in your expenses the monthly payments on all debts you are reaffirming, including this one.

   ☐ You can afford to make the payments on the reaffirmed debt even though your monthly income is less than your monthly expenses after you include in your expenses the monthly payments on all debts you are reaffirming, including this one, because:

   _____
   _____
   _____

   Use an additional page if needed for a full explanation.

D. If your answers to BOTH questions A. and B. above were "Yes," check the following statement, if applicable:

   ☐ You believe this Reaffirmation Agreement is in your financial interest and you can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

## PART III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES

I hereby certify that:

(1) I agree to reaffirm the debt described above.

(2) Before signing this Reaffirmation Agreement, I read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

~~(3) The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and~~ complete;

(4) I am entering into this agreement voluntarily and am fully informed of my rights and responsibilities; and

(5) I have received a copy of this completed and signed Reaffirmation Documents form.

SIGNATURE(S) (If this is a joint Reaffirmation Agreement, both debtors must sign.):

Date 1/2/13     Signature _Paul Watt_
                           Debtor

Date _____ Signature _____
                           Joint Debtor, if any

**Reaffirmation Agreement Terms Accepted by Creditor:**

Creditor __CAPITAL ONE, N.A. - YAMAHA__      C/O Bass & Associates, P.C., 3936 E. Ft. Lowell Ste 200, Tucson, AZ, 85712
         Print Name                                    Address

_Jennifer Pursley_                _[signature]_      1/11/13
Print Name of Representative       Signature          Date

## PART IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date 12/26/12  Signature of Debtor's Attorney _[signature]_

Print Name of Debtor's Attorney _Nathan E. Carr_

# PART V. DISCLOSURE STATEMENT AND INSTRUCTIONS TO DEBTOR(S)

Before agreeing to reaffirm a debt, review the terms disclosed in the Reaffirmation Agreement (Part I above) and these additional important disclosures and instructions.

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps, which are detailed in the Instructions provided in Part V, Section B below, are not completed, the Reaffirmation Agreement is not effective, even though you have signed it.

### A. DISCLOSURE STATEMENT

1. **What are your obligations if you reaffirm a debt?** A reaffirmed debt remains your personal legal obligation to pay. Your reaffirmed debt is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Your obligations will be determined by the Reaffirmation Agreement, which may have changed the terms of the original agreement. If you are reaffirming an open end credit agreement, that agreement or applicable law may permit the creditor to change the terms of that agreement in the future under certain conditions.

2. **Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments that you agree to make.

3. **What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage, or security deed. The property subject to a lien is often referred to as collateral. Even if you do not reaffirm and your personal liability on the debt is discharged, your creditor may still have a right under the lien to take the collateral if you do not pay or default on the debt. If the collateral is personal property that is exempt or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the collateral, as the parties agree or the court determines.

4. **How soon do you need to enter into and file a reaffirmation agreement?** If you decide to enter into a reaffirmation agreement, you must do so before you receive your discharge. After you have entered into a reaffirmation agreement and all parts of this form that require a signature have been signed, either you or the creditor should file it as soon as possible. The signed agreement must be filed with the court no later than 60 days after the first date set for the meeting of creditors, so that the court will have time to schedule a hearing to approve the agreement if approval is required. However, the court may extend the time for filing, even after the 60-day period has ended.

5. **Can you cancel the agreement?** You may rescind (cancel) your Reaffirmation Agreement at any time before the bankruptcy court enters your discharge, or during the 60-day period that begins on the date your Reaffirmation Agreement is filed with the court, whichever occurs later. To rescind (cancel) your Reaffirmation Agreement, you must notify the creditor that your Reaffirmation Agreement is rescinded (or canceled). Remember that you can rescind the agreement, even if the court approves it, as long as you rescind within the time allowed.

6. **When will this Reaffirmation Agreement be effective?**

   a. **If you *were* represented by an attorney during the negotiation of your Reaffirmation Agreement and**

   i. **if the creditor is not a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court unless the reaffirmation is presumed to be an undue hardship. If the Reaffirmation Agreement is presumed to be an undue hardship, the court must review it and may set a hearing to determine whether you have rebutted the presumption of undue hardship.

   ii. **if the creditor is a Credit Union**, your Reaffirmation Agreement becomes effective when it is filed with the court.

   b. **If you *were not* represented by an attorney during the negotiation of your Reaffirmation Agreement**, the Reaffirmation Agreement will not be effective unless the court approves it. To have the court approve your agreement, you must file a motion. See Instruction 5, below. The court will notify you and the creditor of the hearing on your Reaffirmation Agreement. You must attend this hearing, at which time the judge will review your Reaffirmation Agreement. If the judge decides that the Reaffirmation Agreement is in your best interest, the agreement will be approved and will become effective. However, if your Reaffirmation Agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home, you do not need to file a motion or get court approval of your Reaffirmation Agreement.

7. **What if you have questions about what a creditor can do?** If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement. If you do not have an attorney helping you, you may ask the judge to explain the effect of this agreement to you at the hearing to approve the Reaffirmation Agreement. When this disclosure refers to what a creditor "may" do, it is not giving any creditor permission to do anything. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.

B. **INSTRUCTIONS**

1. Review these Disclosures and carefully consider your decision to reaffirm. If you want to reaffirm, review and complete the information contained in the Reaffirmation Agreement (Part I above). If your case is a joint case, both spouses must sign the agreement if both are reaffirming the debt.

2. Complete the Debtor's Statement in Support of Reaffirmation Agreement (Part II above). Be sure that you can afford to make the payments that you are agreeing to make and that you have received a copy of the Disclosure Statement and a completed and signed Reaffirmation Agreement.

3. If you were represented by an attorney during the negotiation of your Reaffirmation Agreement, your attorney must sign and date the Certification By Debtor's Attorney (Part IV above).

4. You or your creditor must file with the court the original of this Reaffirmation Documents packet and a completed Reaffirmation Agreement Cover Sheet (Official Bankruptcy Form 27).

5. *If you are not represented by an attorney, you must also complete and file with the court a separate document entitled "Motion for Court Approval of Reaffirmation Agreement" unless your Reaffirmation Agreement is for a consumer debt secured by a lien on your real property, such as your home.* You can use Form B240B to do this.

## C. DEFINITIONS

1. **"Amount Reaffirmed"** means the total amount of debt that you are agreeing to pay (reaffirm) by entering into this agreement. The total amount of debt includes any unpaid fees and costs that you are agreeing to pay that arose on or before the date of disclosure, which is the date specified in the Reaffirmation Agreement (Part I, Section B above). Your credit agreement may obligate you to pay additional amounts that arise after the date of this disclosure. You should consult your credit agreement to determine whether you are obligated to pay additional amounts that may arise after the date of this disclosure.

2. **"Annual Percentage Rate"** means the interest rate on a loan expressed under the rules required by federal law. The annual percentage rate (as opposed to the "stated interest rate") tells you the full cost of your credit including many of the creditor's fees and charges. You will find the annual percentage rate for your original agreement on the disclosure statement that was given to you when the loan papers were signed or on the monthly statements sent to you for an open end credit account such as a credit card.

3. **"Credit Union"** means a financial institution as defined in 12 U.S.C. § 461(b)(1)(A)(iv). It is owned and controlled by and provides financial services to its members and typically uses words like "Credit Union" or initials like "C.U." or "F.C.U." in its name.

# ARIZONA CERTIFICATE OF TITLE

 **Motor Vehicle Division**
48-7200 R11/07 www.azdot.gov

Inventory Control: **13993350**

| Vehicle Identification Number | Year | Make | Model | Body Style |
|---|---|---|---|---|
| 5Y4AM08Y47A017480 | 2007 | YAMA | R66 | ATV |

| First Registered | List Price | Mobile Home Manufacturer | Unit Number |
|---|---|---|---|
| 00/0000 | 000000 | | |

HSBC RETAIL SERVICES
PO BOX 660070
SACRAMENTO CA 95866

8813

| Title Number | Issue Date | Film Number | Odometer Reading (no tenths) * |
|---|---|---|---|
| 166M007162011 | 06112007 | H162166M11 | 0000000 X |

| Previous Title Number | State | Issue Date | Previous Film Number |
|---|---|---|---|
| MCO | | 00000000 | ORIGINAL |

\* A - Actual Mileage
B - Mileage in excess of the odometer mechanical limits
C - NOT Actual Mileage, WARNING ODOMETER DISCREPANCY

**Arizona Brands**

| Previous Brand | State | Previous Brand | State | Previous Brand | State | Other States With Brands |
|---|---|---|---|---|---|---|

Owners/Lessees
PAUL L WATKINS                                                                   OR

FRANCESCA A WATKINS

Lienholders
FIRST LIEN-
HSBC BANK NEVADA NA                            LIEN DATE:   05252007

PO BOX 660070                                  SACRAMENTO        CA 95866

**LIEN RELEASE**

| Lienholder Name | | Acknowledged before me this date | Notary Public Signature | | |
|---|---|---|---|---|---|
| Lien Amount | Lienholder Signature | Date | County | State | Commission Expires |

VOID WITHOUT EAGLE WATERMARK OR IF ALTERED OR ERASED

# Yamaha Motor Corporation, USA Card Program

Application Type: A married person may apply for individual credit, you are applying for:
☐ **INDIVIDUAL CREDIT**, complete only individual section.
☐ **JOINT CREDIT**, with another person, complete entire application.

## APPLICANT (Please Print)

Applicant's Driver's License Number: _____ State of Issue: ___ Date of Issue: __/__/__ Expiration Date: __/__/__

First Name: Paul  Middle Initial: L  Last Name: Watkins  Social Security Number: ___-__-4887  Date of Birth (MM/DD/YYYY): __/__/63

Address: ___ E. Portia  Apt. #: ___  City: Mesa  State: AZ  Zip Code: 85215  Home Phone: (480) 830-5190

Work Phone: (480) 423-6175  Housing Status: ☐ Buyer/Owner ☐ Rent/Lease ☐ Other/Misc.  Annual Income* (Gross): $48K  Check if you have a: ☑ Checking Account ☑ Savings Account  E-Mail Address (Optional): ___

Date of Residence (MM/YYYY): 14  Employer Name: M.C.C.  Date of Employment (MM/YYYY): 21

For WI Residents Only: Check box if you are married: ☐

*Note: Alimony, child support or separate maintenance income need not be disclosed if you do not wish to have it considered as a basis for paying this obligation.

## JOINT APPLICANT or if you are a MARRIED WISCONSIN RESIDENT

Joint Applicant's Driver's License Number: ___ State of Issue: ___ Date of Issue: __/__/__ Expiration Date: __/__/__ E-mail Address (Optional): ___

First Name: Francesca  Middle Initial: A  Last Name: Watkins  Social Security Number: ___-__-6704  Date of Birth (MM/DD/YY): __/__/64

Address: ___  Apt. #: ___  City: ___  State: ___  Zip Code: ___  Home Phone: ( )

Work Phone: (480) 423-6133  Annual Income* (Gross): $78K  Date of Residence (MM/YYYY): 14  Employer Name: MCC  Date of Employment (MM/YYYY): 22

## PROTECT YOUR ACCOUNT WITH the YP³ SM Yamaha Payment Protection Program (referred to below as YP³ SM) AN OPTIONAL MONTHLY DEBT CANCELLATION PROGRAM.

If you enroll in our optional YP³ program, your monthly credit card balance or a portion of your balance may be cancelled in the case of a qualifying Total Disability, Involuntary Unemployment, or Loss of Life event. For Total Disability, the maximum balance that may be cancelled is $300 per month, up to $10,000 and, for Involuntary Unemployment, up to $300 per month for six months. For Loss of Life, the maximum balance that can be cancelled is $10,000. To receive a cancellation for Involuntary Unemployment or Total Disability, you must be employed full-time (but not self-employed, working for a spouse or employed on a part-time basis) and working 30 hours or more per week at a single job on the date the event occurs. YP³ **is not insurance** and is unavailable in **Mississippi, Guam, the Virgin Islands, Puerto Rico and Canada.**

**YES**, please enroll me, **the primary cardholder**, in the optional YP³ monthly debt cancellation program. I authorize the monthly charge to my account when I have a balance. I have received and read the YP³ Summary. I understand that your evaluation of my credit card application will not be influenced by whether I choose to enroll, and I am free to cancel at any time.

**NO**, I do not wish to enroll at this time.

SIGN HERE TO ENROLL ____ DATE ____    SIGN HERE TO DECLINE ____ DATE ____
DC-11-15                                                              Ed. 06/01/05

## APPLICANT(S) SIGNATURE REQUIRED BELOW

All of the information furnished on this application is, to the best of your knowledge, complete and accurate. You agree that we may obtain a credit bureau report on you and may check any of the information provided on this application from whatever source we choose. By completing and signing this application, you are applying for a credit limit in the highest amount we deem appropriate, regardless of any initial sale amount, and you are requesting a Card issued to you by us which will allow you to make purchases under this Account. By a) signing, using or permitting others to use this Card; b) signing or permitting others to sign sales slips; c) making or permitting others to make purchases by telephone, Internet, or any other means, you agree to the terms and conditions of the Cardholder Agreement and Disclosure Statement, (which includes an arbitration provision) which shall be sent to you with the credit card and to the Tiered APR Disclosures, which you acknowledge receiving and which are incorporated herein by reference. You have read and received a copy of your Important Terms and Tiered APR Disclosure before making any purchase under this Account. Terms are attached. If this is a joint credit application, you understand that each applicant has the right to use the Account, and that you shall be liable for all purchases made under the Account by any joint applicant. You grant us a purchase money security interest in the goods purchased on your Account. **You understand that we may provide information relating to our transactions and experiences with you to others, including Yamaha, whether or not you are approved for credit. You may prohibit the sharing of such information by calling us at 1-800-365-3804.**

Applicant's Signature: X Paul Watkins  Date (MM/DD/YY): 5/25/07
Joint Applicant's Signature: X Fran Watkins  Date (MM/DD/YY): 5/25/07

STORE USE ONLY:
Applicant's Second ID ___ (Type and Number) ___ Expires ___
Joint Applicant's Second ID ___ (Type and Number) ___ Expires ___
Authorization Number ___ Name of Person Obtaining Verification and # ___

6022-YAMAHA-US-20 (7-05)

## TIER VERIFICATION
This section must be completed when the applicant is approved

**YOU ACKNOWLEDGE YOU HAVE RECEIVED AND READ THE TIER  1  2  3  4  (circle one) STANDARD APR DISCLOSURE.**

Applicant's Signature: X Paul Watkins  Date (MM/DD/YY): __/__/__
ACCOUNT #: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

IMPORTANT CUSTOMER DISCLOSURE INFORMATION ATTACHED - PLEASE DETACH AND RETAIN FOR YOUR RECORDS.

# IMPORTANT CHANGES TO YOUR CARDHOLDER AGREEMENT
## AND DISCLOSURE STATEMENT

*Yamaha* (handwritten)

As set forth below, HSBC Bank Nevada, N.A. is making the following changes to your Cardholder Agreement and Disclosure Statement ("Agreement"), effective on or after May 1, 2007.

**GRACE PERIOD FOR REPAYMENT OF BALANCE-** No finance charges are assessed on new purchases if the balance is paid in full each month within 23 days after the billing date.

**LATE PAYMENT FEE-** Your Late Payment Fee will be based on your combined account balance (less any Delayed Monthly Payment credit plan balances) at the time of your payment due date. If you fail to pay us the Total Minimum Payment Due in full by the Payment Due Date on your billing statement, you agree to pay a Late Payment Fee of $19 for combined account balance of $100 and below; $29 for combined account balance of $100.01 to $500; and $39 for combined account balance of $500.01 and over.

**NOTE:** If you are currently protected under the Servicemembers' Civil Relief Act and any of the changes listed above affect the minimum payment, APR, late charges, membership, overlimit, service or NSF fees on your account, such changes will not become effective until the expiration of your active duty status.

All other terms of your Agreement remain the same.

IN18541 (1/07) STMT

**CAMBIOS IMPORTANTE PARA SU CONVENIO DE TARJETAHABIENTE Y DE DECLARACIÓN INFORMATIVA**

Tal como se indica más adelante, HSBC Bank Nevada, N.A. efectuará, con vigencia a partir del 1 de mayo de 2007, los siguientes cambios en el Convenio de Tarjetahabiente y de Declaración Informativa ("Convenio").

**PERÍODO DE GRACIA PARA PAGO DEL SALDO-** No se imponen cargos de financiamiento sobre compras nuevas si el nuevo saldo se paga por completo cada mes dentro de los 23 después de la fecha de facturación.

**RECARGO POR PAGO MOROSO-** El recargo por pago moroso se basará en su saldo de cuentas combinadas (menos el saldo acreedor por pago mensual demorado) en el momento de la fecha de pago. Si deja de pagar el importe mínimo debido en su totalidad a la fecha de vencimiento del pago del extracto de facturación, usted acepta el pago de un recargo por pago moroso de $19 para un saldo de cuentas combinadas de $100 o menos; $29 para un saldo de cuentas combinadas entre $100.01 y $500; y $39 para un saldo de cuentas combinadas de $500.01 o más.

**NOTA:** Si usted está actualmente protegido por la Ley de Ayuda Civil a los miembros de las fuerzas armadas y alguno de los cambios indicados más arriba afectan el pago mínimo, tasa de interés anual (APR), cargos por mora, afiliación, excedente de crédito, cargos de servicio o por fondos insuficientes de su cuenta, dichos cambios sólo entrarán en vigencia al vencimiento de su estado de servicio activo. Todas los demás términos del Convenio permanecerán vigentes sin ningún cambio.

IN18541 (1/07) STMT